UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:24-CV-04109-CCT |
| Plaintiff, | |
| vs. | **ORDER GRANTING DISMISSAL OF THE NOETHES' CROSSCLAIMS** |
| URBAN H. NOETHE, KRISTI S. NOETHE, LINCOLN COUNTY TREASURER, VINSON LLC, SECURITY STATE BANK, CHANCELLOR, SD, | |
| Defendants. | |

In this foreclosure action by the government, defendants Vinson LLC and Security State Bank filed separate motions to dismiss the crossclaims filed against them by Urban and Kristi Noethe. Dockets 24, 27. The Noethes have not filed a response, and the time for doing so has expired.

## BACKGROUND

On June 11, 2024, the government instituted this action against the Noethes, Lincoln County Treasurer, and Vinson, seeking to reduce to a judgment certain federal income tax liens and penalty assessments against the Noethes and to enforce federal tax liens against real property located at 27117 Highway 115, Harrisburg, South Dakota, 57032 (the Subject Real Property). Docket 1. Lincoln County Treasurer and Vinson were named as defendants because they may have or may claim an interest in the Subject Real Property.

1

*Id.* ¶¶ 8, 9. The government filed an amended complaint on August 19, 2024, adding Security State Bank as a defendant that has or may claim an interest in the Subject Real Property. Docket 15 ¶ 9.

Vinson, Security State Bank, Lincoln County Treasurer, and the Noethes filed separate answers to the government's amended complaint. Dockets 16, 18, 21, 22. The Noethes also filed crossclaims against Vinson and Security State Bank for breach of contract and unjust enrichment. Docket 22. Vinson and Security State Bank now seek to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Dockets 24, 27. To date, the Noethes have not filed a response, but also, the time to do so has since expired. *See* D.S.D. Civ. L.R. 7.1.B. (providing that the opposing party has 21 days in which to file a response).

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817–18

(8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The court is to "accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Rydholm*, 44 F.4th at 1108 (citation omitted). Also, while review is confined to the pleadings, the court may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013) (cleaned up).

## DISCUSSION

The government's amended complaint alleges that the Noethes failed to pay their federal income tax liabilities due and owing for multiple years, including 2009, 2011–2015, 2017–2018, and 2020. Docket 15 ¶¶ 11–13. Such failure resulted in a total assessment of tax, interest, and penalties against them for $933,397.16. *Id.* ¶ 14. The Internal Revenue Service (IRS) gave the Noethes notice of the assessments and demanded payment. *Id.* ¶ 16. The Noethes did not remit payment. *Id.* ¶ 17. They "requested a collection due process hearing, proposed offers in compromise, and had pending installment agreements with the IRS" related to their unpaid taxes for the above years except 2020. *Id.* ¶ 18. However, according to the government, the Noethes failed to pay the assessed liabilities, and therefore, the IRS filed notices of federal tax lien pursuant to 26 U.S.C. § 6323(f). *Id.* ¶¶ 20–21.

Particularly relevant to the current motion to dismiss, Vinson had executed a mortgage with Security State Bank to partially finance its

acquisition of the Subject Real Property. *Id.* ¶ 24. In February 2018, the
Noethes obtained a property interest in the Subject Real Property pursuant to a
contract for deed with Vinson. *Id.* ¶ 27. The Noethes were required to make
monthly payments toward the interest and principal on the contract and pay
the property taxes. *Id.* ¶ 29. During this time, the Noethes "possessed the
Subject Real Property and were entitled to all the benefits and burdens of
ownership as equitable owners," and "Vinson LLC retained legal title to the
property as security for the full payment of the purchase price." *Id.* ¶ 30. After
the Noethes fully paid under the contract, they would be entitled to conveyance
of legal title of the Subject Real Property from Vinson to them. *Id.* ¶ 31.

At some point before the Noethes made payment in full, Vinson
determined that the Noethes had defaulted under the contract for deed and
failed to cure their default. *Id.* ¶ 32. In June 2023, Vinson and the Noethes
executed an amended contract for deed. *Id.* ¶ 33. However, the Noethes
defaulted on this agreement and failed to timely cure. *Id.* ¶ 36.

On March 13, 2024, Vinson instituted suit against the Noethes in South
Dakota state court, seeking "the immediate, sole, and exclusive right to use,
occupy, possess, and control the Subject Real Property" and an order that the
Noethes "surrender and deliver the Subject Real Property to Vinson LLC." *Id.*
¶ 37. The government notes that neither the United States nor the IRS was
named as a defendant and further that they were not provided notice of the
lawsuit or an opportunity to assert their interest in the Subject Real Property.
*Id.* ¶ 38. The government also notes that neither the original contract for deed

4

nor the amended one was recorded with the Lincoln County Register of Deeds. *Id.* ¶ 35.

On March 28, 2024, the South Dakota state court entered a default judgment against the Noethes, granting Vinson its requested relief. *Id.* ¶ 39. However, the government asserts that the IRS's tax liens attached to the Noethes' interest in the Subject Real Property, *Id.* ¶ 28, and because the United States was not joined as a party, the transfer of the "Noethes' interest in the Subject Real Property to Vinson LLC was made subject to and without disturbing the liens of the United States[.]" *Id.* ¶ 40. The government claims it is entitled to a judgment in its favor against the Noethes. *Id.* ¶ A at 9. It also seeks, among other things, an order declaring that it "has valid and subsisting federal tax liens upon all property and rights to property of [the Noethes], including their interest in the Subject Real Property." *Id.* ¶ A at 10.

The Noethes, in their answer, assert crossclaims against Vinson and Security State Bank for breach of contract and unjust enrichment. *See* Docket 22. The Noethes allege that "Vinson, LLC and/or Security Bank" had a duty to file the original and amended contracts for deed with the Lincoln County Register of Deeds. *Id.* ¶ 8. They further assert that these defendants' failure to do so caused the Noethes "a detriment by reducing their ability to access the equity in their home and/or use said equity to settle any unpaid federal debts which led to additional amounts of penalties and interest being levied against them." *Id.* The Noethes also claim that their time, work, and supplies "improved and/or updated portions of said real property" and "[i]t is fundamentally unfair

5

to allow Defendants, Vinson, LLC and Security Bank, to retain the increased value of the real property without equitable remedy for Defendants, [the Noethes'] work and expenses." *Id.* ¶ 11. In the Noethes' view, "Vinson, LLC and Security Bank's actions and/or admissions constitute unjust enrichment by the unfairness in retaining the benefit without payment[.]" *Id.* ¶ 12. The Noethes claim "said value should be restored to [them]." *Id.*

Vinson filed this motion to dismiss the Noethes' crossclaims, Docket 24, and Security State Bank joined said motion, Docket 27. While Vinson asserts multiple reasons it believes dismissal is warranted, the Court addresses only the contention that the Noethes' crossclaims fail to state a claim upon which relief may be granted.

## I.    Breach of contract claim

Vinson argues that the Noethes' breach of contract claim fails as a matter of law because Vinson cannot breach a contract based on an obligation it has no duty to perform, and here, the contracts do not impose a duty on Vinson to record the contract or amended contract for deed. Docket 25 at 12. Vinson directs this Court to the language in the contract for deed, providing: "This Contract or a memorandum hereof *may* be filed with any filing office deemed appropriate by Seller and *may* be recorded with the real estate records with the Register of Deeds for Lincoln County . . . Buyers shall pay all recording, filing and record search fees." Docket 26-1 at 3 (emphasis added). Vinson then notes that the amended contract for deed "has no provisions one way or another regarding filing." Docket 25 at 12. Vinson also asserts that to

the extent the Noethes may claim otherwise, South Dakota law does not require the recordation of these deeds. *Id.* Vinson cites *Schleuter Co. v. Sevigny*, 564 N.W.2d 309, 312 (S.D. 1997), for the holding that unrecorded deeds are binding on the parties. Docket 25 at 13. Although it joins Vinson's motion, Security State Bank specifically claims dismissal is warranted because it is not a party to any contract with the Noethes and, thus, owes no duty to the Noethes. Docket 27 at 1.

Under South Dakota law, a breach of contract requires "(1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages." *Dziadek v. Charter Oak Fire Ins. Co.*, 867 F.3d 1003, 1009 (8th Cir. 2017) (quoting *Bowes Constr., Inc. v. S.D. Dep't of Transp.*, 793 N.W.2d 36, 43 (S.D. 2010)). Here, while the Noethes allege that "Vinson, LLC and/or Security Bank" had a duty to file the contracts for deed with the Lincoln County Register of Deeds, the contracts in the record do not contain such language. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."). Moreover, the Noethes do not otherwise allege that Vinson or Security State Bank promised to record the contracts for deed or that a particular law requires such deeds to be recorded. *See* SDCL § 43-28-14 (providing that "[a]n unrecorded instrument is valid as between the parties thereto and those who have notice thereof"). Finally, the Noethes do not identify a contractual relationship with Security State Bank related to these contracts for deed. Because the Noethes have not alleged the existence of an enforceable

7

promise, they have failed to state a claim for breach of contract sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6).

## II.    Unjust enrichment claim

Vinson argues that the Noethes' unjust enrichment claim "completely fails to identify how and to what degree Vinson LLC (or the bank for that matter) was somehow enriched, let alone unjustly enriched," by the Subject Real Property increasing in value. Docket 25 at 15. It notes that "[t]he [g]overnment is foreclosing on the Noethes' equitable interest in the Property" and thus claims that any increase in value to the property by the Noethes "will accrue to them and will be used to decrease their outstanding tax obligations." *Id.* at 15–16. Vinson postulates that the Noethes are operating on a mistaken view that Vinson "somehow subsumed the Noethes' equitable interest." *Id.* at 16. Regardless, Vinson maintains that this crossclaim fails to meet the standards of Rule 8(a) and must be dismissed because Vinson cannot discern from the allegations in the crossclaim "the benefit that Vinson LLC is alleged to have received" or what "Vinson LLC did or failed to do that would make it unjust for Vinson LLC to retain any alleged benefit." *Id.* at 15.

"Unjust enrichment occurs 'when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying.'" *Hofedt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) (citation omitted). However, unjust enrichment, which is an equitable remedy, is not available when a contract controls the parties' relationship. *Murphy v. Pearson*, 981 N.W.2d 410, 418 (S.D. 2022) (citing *Johnson v. Larson*, 779

8

N.W.2d 412, 416–17 (S.D. 2010); *Paweltzki v. Paweltzki*, 964 N.W.2d 756, 769 (S.D. 2021)).

Here, the relationship between Vinson and the Noethes is governed by the contracts for deed. Therefore, the unjust enrichment claim fails as a matter of law as against Vinson. The claim would also fail even if a contract did not control because the Noethes' crossclaim contains only the conclusory allegation that it would be "unfair to allow" Vinson and Security State Bank "to retain the increased value of the" Subject Real Property and does not allege facts to support this conclusion. *See Hamilton*, 621 F.3d at 817–18 (providing that naked assertions are insufficient to meet the pleading standards). For this same reason, the Noethes' crossclaim does not state a plausible claim for unjust enrichment against Security State Bank.

Accordingly, it is hereby

ORDERED that Vinson's motion to dismiss, Docket 24, is granted. It is further

ORDERED that Security State Bank's motion to dismiss, Docket 27, is granted. It is further

ORDERED that the Noethes' crossclaims, Docket 22, are dismissed without prejudice.

DATED May 13, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE