UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>URBAN H. NOETHE, KRISTI S. NOETHE; LINCOLN COUNTY TREASURER; VINSON LLC; SECURITY STATE BANK, CHANCELLOR, SD,<br><br>Defendants. | 4:24-CV-04109-CCT<br><br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

In this foreclosure action, the Government moves for summary judgment against defendants Urban H. Noethe and Kristi S. Noethe on their outstanding tax debt for tax years 2014, 2015, 2017, 2018, and 2020, which as of November 30, 2025, was $515,954.99. Dockets 36 and 37. The Noethes have not filed a response, and the time for doing so has expired. For the following reasons, the Court grants the Government's motion for summary judgment.

## BACKGROUND

On June 11, 2024, the Government instituted this action against the Noethes, Lincoln County Treasurer, and Vinson, LLC, seeking to reduce to a judgment certain federal income tax liens and penalty assessments against the Noethes and to enforce federal tax liens against real property located at 27117 SD Highway 115, Harrisburg, South Dakota 57032 (the Subject Real Property).

1

Docket 1; Docket 38 ¶ 1. Lincoln County Treasurer and Vinson were named as defendants because they may have or may claim an interest in the Subject Real Property. Docket 1 ¶¶ 8, 9. The Government filed an amended complaint, adding Security State Bank as a defendant that also has or may claim an interest in the Subject Real Property. Docket 15 ¶ 9.

The amended complaint alleges that the Noethes failed to pay their federal income tax liabilities due and owing for multiple years, including 2009, 2011–2015, 2017, 2018, and 2020. *Id.* ¶¶ 11–13. Such failures resulted in a total assessment of tax, interest, and penalties against them for $933,397.16. *Id.* ¶ 14. The Internal Revenue Service (IRS) gave the Noethes notice of the assessments and demanded payment. *Id.* ¶ 16. The Noethes did not remit payment. *Id.* ¶ 17. They "requested a collection due process hearing, proposed offers in compromise, and had pending installment agreements with the IRS" related to their unpaid taxes for the above years except 2020. *Id.* ¶ 18. However, according to the Government, the Noethes failed to pay the assessed liabilities, and therefore, the IRS filed notices of federal tax lien pursuant to 26 U.S.C. § 6323(f) relating to the assessments. *Id.* ¶¶ 20–21.

Count I of the amended complaint requests that the Court enter a judgment against the Noethes for $933,397.16, plus statutory additions including interest. Docket 15 ¶ 45. Count II requests the Court enter a judgment declaring that the Government may enforce its federal tax liens against the Subject Real Property and "to have the entire property sold in a judicial sale (including sale by a receiver if requested by the United States), free

2

and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed in an amount to be determined by the Court." *Id.* ¶ 49.

Vinson, Security State Bank, Lincoln County Treasurer, and the Noethes filed separate answers to the Government's amended complaint. Dockets 16, 18, 21, and 22. The Noethes filed crossclaims against Vinson and Security State Bank for breach of contract and unjust enrichment, Docket 22, which claims this Court dismissed on May 13, 2025, for failure to state a claim upon which relief may be granted, Docket 35. The Court also entered a judgment dismissing, with prejudice, Lincoln County Treasurer as a defendant based on a stipulation of the parties. Dockets 30 and 31.

The parties thereafter filed a stipulation of dismissal of Count II pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Docket 34. Although no judgment of dismissal has been entered, the Court now dismisses Count II.[1] That leaves Count I, on which the Government has filed the pending motion for summary judgment. Docket 36. The motion concerns fewer years of tax debt than alleged in the amended complaint because, according to the Government,

---

[1] The Court notes that Rule 41(a)(1)(A), which allows dismissal without a court order, speaks to the dismissal of "an action." Fed. R. Civ. P. 41(a)(1)(A). Because of this, some courts have not allowed parties to use this rule to dismiss some claims but not all claims, while other courts have allowed a self-executing partial dismissal. *See* 9 *Wright & Miller's Federal Practice & Procedure* § 2362 (4th ed. 2025) (collecting cases). The Eighth Circuit has not squarely addressed the question. Nevertheless, to the extent a self-executing dismissal is not appropriate in this case, the Court concludes that dismissal of Count II is warranted. The stipulation for dismissal is signed by all parties and is thus not adversarial. Also, Rule 41 more generally contemplates a court's power to dismiss individual claims. *See Gatling v. Nickel*, 275 F.R.D. 495, 496 (E.D. Wis. 2011) (deeming itself "satisfied that it has the power to enter an order" of dismissal under similar circumstances).

Vinson sold the Subject Real Property for $1.4 million, and the Government received $434,386.63 from that sale. Docket 37 at 3. The Government applied that amount to the Noethes' tax debt, fully satisfying the debt for tax years 2009 and 2011–13 and partially satisfying the debt for tax year 2014. *Id.* The Government thus relates that the only remaining tax debt at issue in this case is that for 2014, 2015, 2017, 2018, and 2020. *Id.*

As it pertains to the tax debt for those years, the Government notes that the assessments are based on tax returns the Noethes filed themselves with the IRS. *Id.* at 5. It then directs this Court to the Certified Forms 4340 in the record attached to the declaration of IRS Revenue Officer Paul Enjalra. Docket 39; Docket 39-1. The Government claims that based on this evidence, it has made a prima facie showing that its assessment of federal income taxes, interest, and penalties against the Noethes is valid. Docket 37 at 5. It further contends that it is entitled to summary judgment because the Noethes will not be able to rebut the presumption that its computation of the Noethes' tax burden is correct in light of their failure to provide initial disclosures to the Government's requests for admission and documents or to the interrogatories.[2] *Id.* at 6.

---

[2] The Government also claims that by failing to respond to the requests for admission, the Noethes have admitted to being assessed for the years at issue and to never paying on those liabilities and that they are not permitted to use undisclosed information to oppose summary judgment. Docket 37 at 5. It is unnecessary to address this argument because the Noethes do not attempt to oppose summary judgment, let alone use undisclosed information.

To date, the Noethes have not filed a response to the Government's motion for summary judgment, but also, the time to do so has since expired. *See* D.S.D. Civ. LR 7.1 B. (providing that the opposing party has 21 days in which to file a response).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence sufficient to support an element of its case on which it bears the ultimate burden of proof." *NDN Collective v. Retsel Corp.*, No. 5:22-CV-5027, 2024 WL 3903975, at *2 (D.S.D. Aug. 22, 2024) (citation omitted). "Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must present facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *S. Black Hills Water Sys., Inc. v. Town of Hermosa*, No. 5:21-CV-05070-VLD, 2023 WL 4824956, at *4 (D.S.D. July 27, 2023) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); Fed. R. Civ. P. 56(e)). The Court will "review the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Musolf v. J.C. Penney Co., Inc.*, 773 F.3d 916, 918 (8th Cir. 2014) (citation omitted).

## DISCUSSION

This Court has authority to reduce the Noethes' tax assessment to judgment pursuant to 26 U.S.C. § 7402, which provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to . . . render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). "Tax assessments made by the IRS are presumed correct and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous." *N.D. State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001). Further, Certified Forms 4340 are entitled to a presumption of validity. *United States v. Nelson*, No. CIV 17-4002, 2018 WL 2390128, at *4 (D.S.D. May 25, 2018) (; *United States v. Meyer*, 914 F.3d 592, 594 (8th Cir. 2019) (noting the that many courts regard IRS Form 4340 "as 'presumptive proof of a valid assessment'" (citation omitted).

Here, the Government's Certified Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, Docket 39-1, for each tax year at issue, and IRS Account Transcripts, Docket 39-2, establish a presumption of correctness of the IRS's assessments against the Noethes for tax years 2014, 2015, 2017, 2018, and 2020. *See Nelson*, 2018 WL 2390128, at *4 (noting that "[t]he United States submitted certified IRS Forms 4340 (Certificates of Assessments, Payments, and Other Specified Matters . . . are entitled to a legal presumption of validity"); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1992) (concluding that "the Certificates of Assessments

6

and Payments submitted by the government here are sufficient to establish the validity of the assessments"). Therefore, the evidentiary burden shifts to the Noethes to show an arbitrary or erroneous determination of their tax burden. *N.D. State Univ.*, 255 F.3d at 603. However, there being no response to the motion for summary judgment by the Noethes, this Court is without a basis to find that they rebutted the assessments' presumption of correctness.

Moreover, although the Court views the evidence in a light most favorable to the Noethes, the Court's review of the record reveals no material issue of fact in dispute as it pertains to the amount of taxes due. The Forms 4340 show the assessments for federal income taxes, interest, and penalties made against the Noethes for the years at issue in this case. Docket 39-1. The Forms 4340 also show that the IRS sent statutory notices to the Noethes and demanded payment and that the Noethes failed to pay their outstanding tax debts and the IRS assessed interest and penalties against them. *Id.* As such, summary judgment on Count I is appropriate, and the Government is entitled to a judgment against the Noethes in the amount of $515,954.99, plus interest and statutory additions accruing after November 30, 2025.

Accordingly, it is hereby

ORDERED that Count II of the amended complaint, Docket 15, is dismissed with prejudice. It is further

ORDERED that the Government's motion for summary judgment, Docket 36, is granted. It is further

ORDERED that a judgment is entered on Count I of the amended complaint in favor of the United States and against Urban H. Noethe and Kristi S. Noethe jointly and severally in the amount of $515,954.99, plus interest and statutory additions that has and will continue to accrue from November 30, 2025, regarding the federal income tax liabilities of Urban H. Noethe and Kristi S. Noethe from 2014, 2015, 2017, 2018, and 2020.

Dated February 25, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE